Judge Owslev
delivered the opinion.
This writ of error is brought to reverse a judgment recovered against Chambers in an action of trover and conversion, brought against him, in the circuit court, by Thomas.
On the trial in that court, it was proven that the bureau (fur 8 conversion of which this suit was brought) formerly to a certain Robert Spratt, and whilst in his pos¡t ÍVas ia|{en by '['bomas, who was the deputy sher-certain Aaron Hall, sheriff of Montgomery, under an execution which issued upon a judgment of the circuit court of Montgomery, in his, the said Thomas’ favour.. *537 against the estafe of saiT Soratt, and after exposing the bureau to sale, at public auction, Thomas became the purchaser at the sale so made by himself After this evidence was introduced, and after it was also proven that the bureau was afterwards taken and sold bv Chambers as constable, under an execution directed to him, and which had issued from a magistrate against the estate of said Spratt, the court were asked to instruct the jury, that inasmuch as Thomas was plaintiff in the execution under which he made the sale of the bureau, he could not, as deputy sheriff, execute said writ of execution. But the court overruled the application, and instructed the jury, that, as deputy sheriff, Thomas might lawfully execute his own writ, and although he could not lawfully purcnase, at the sale ma le by bimself.'yel he might hold the bureau and make another sale, and that possession, in the plaintiff, was sufficient to maintain the action against a wrong doer.
We apprehend the court erred in deciding that Thomas, as deputy sheriff, might lawfully execute the writ which issued in bis own favor. We have not been able to find any adjudged case, where such a question has ever been made ; but cases analagous in principle, and a o rrect and impartial administration of justice, alike forbid the execution of either a r original or final process by the plaintiff The principal sheriff is never allowed to execute his own process, and so careful is the law in guarding the interest of the defendant, in such a case, not even the deputy is permitted to execute the process, but it must.go to the coroner, an officer not supposed to be under the influence of of the sheriff A deputy, it is i rue, is appointed by the principal sheriff, and regularly acts in the name of the principal, and the principal is liable for any improper conduct of the deputy, in the excrete of the office. But the recourse which may be had to the principal, may not be adequate to guard the interest of defendants against the wily acts of an interested deputy. If such recourse were deemed competent, instead of finding a prohibition against the principal sheriff executing his own process, we might expect to see a permission for him to do so, and recourse barely given against him for an abuse of his authority ; for there is as much probability that the principal sheriff would faithfully execute a process in bis own cause, as that a deputy would do so in a cause in which he is a *538 party, and for an abuse of the process, in either case, the principal sheriff is under precisely the same liability.
Altho’ it is not strictly regular for the county court to appoint a constable without alloting him a particular district, yet such general appointment is not yoid.
In the further progress of the trial, in the circuit court, Chambers introduced as evidence an order from the records of the Montgomery county court, appointing him constable of that county, and shewing that in accordance to that appointment he took the oath and executed the necessary bond required by law ; and after proving that as constable and in virtue of an execution which issued from a magistrate against the estate of Robert Spratt, he took and sold the bureau, the court, on the motion of Thomas, instructed the jury, that the appointment of Chambers, as constable, by the county court, was illegal and void, and that he could not justify under the execution in virtue of which he had laken and sold the bureau.
The principle upon which the court decided the order of appointment void, is not suggested on the record, but it was intimated, in argument, that the order was supposed, by that court, to be of no effect in consequence of the appointment of Chambers, as constable, having beén made for the county, and not for any particular district in the county.
It would, no doubt, have conformed more strictly with the letter of the act under which the appointment was made, for the county court to have districted the county, and in ils order of appointment assigned to Chambers a particular district. But the failure to do so, we apprehend, does not render the appointment an absolute nullity. The order of appointment may be erroneous, but it is not absolutely void. The power of appointing constables is given to the county court, and the directions contained ir» the law for districting the county, is barely directory to the court, and if not conformed to, although reprehensible in the court, the appointment should not in consequence thereof be held void. Even after the eounty is districted the constable oF any district, though not compellable to serve process out of the limits of the district assigned him, yet he may serve process any where within the county 5 and as he may serve process beyond the limits of his district, he must be considered as a county officer, and consequently an order appointing him constable of the county, without specifying the district to which he is particularly assigned, cannot render his appointment absolutely void.
It results that the judgment, of the court below, must *539 be Reversed with cost, the cause remanded to that court, and further proceedings there had? not inconsistent with this opinion,